**Raymond Roy CHALUPIAK,**
**Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12409.**

United States Court of Appeals
Sixth Circuit.

June 28, 1955.

Myron Rudd, Cincinnati, Ohio, for appellant.

Andrew M. Gant, Jr., Asst. U. S. Atty., Nashville, Tenn. (Fred Elledge, Jr., Nashville, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and ALLEN and McALLISTER, Circuit Judges.

PER CURIAM.

The appeal is from an order overruling a motion under Title 28 U.S.C.A. § 2255 to vacate sentence imposed upon appellant after his conviction by a jury for violation of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 2311 et seq. The appellant presents a number of grievances in respect to alleged errors in the trial. We perceive substance in but one and it is based upon observations made by the District Judge in the presence of members of the jury panel waiting to be drawn for the trial of the appellant.

The Court had appointed a competent lawyer to defend. At the last moment, the appellant requested that he withdraw. He had done the same thing twice before, by declining to accept the services of other equally competent members of the bar. The District Judge justifiably assumed that the defendant's request was for mere purpose of delay, and his patience was sorely tried. Unfortunately, however, his comment in respect to it was in the presence of jurors waiting in the courtroom to be drawn and qualified at the trial. He, there, said to the defendant: "I don't know how you feel that you should be represented, but I have appointed to represent you in this court one of the best lawyers that we have here, and a former United States Attorney in this court, and I am sure that the only way that he would represent you would be in an honorable way, and if you want him to represent you in a dishonorable way, I am sure he would refuse to do it, as well as any other lawyer here at the Nashville bar." The appellant was, undoubtedly, contumacious and difficult

but the record discloses no basis whatsoever for assuming that the appellant proposed to make a dishonorable, unethical, tricky, or false defense. Again, the District Judge addressed the appellant: "Now there'll be no more delays. Have a seat back there. I am sure he (defendant's counsel) knows much more about trying a lawsuit than you do, even though you may have had some experience."

There is no question here as to bias or prejudice on the part of the District Judge. We assume that he conducted the trial fairly and with an open mind and nothing in the record indicates otherwise. The issue, therefore, is not whether the judge was prejudiced but whether, from his unwitting observations, the jurors were so prejudiced that it cannot be said that the appellant had a fair trial. The inescapable inference to be drawn from the first comment was that the appellant wished his lawyer to present a questionable defense and that the jury, naturally, must be cautious about receiving it. The second observation must have indicated that the appellant had been in trouble before and, so, had had some experience in criminal trials. This was even more prejudicial, for it deprived him of his right to remain silent as to past offenses, if he chose not to testify. Had he been acquitted of other offenses, he could not have been interrogated about them, and, if he had been convicted, he might have felt compelled to testify, in denial of or in explanation of his convictions. The issue as to his knowledge that the car was stolen was a close one, depending on the evidence of another boy who confessed to stealing it. We conclude that both observations were prejudicial, and that the prejudice could not have been eradicated by instructing the jury to disregard them. Other questions raised may not appear at a second trial.

Reversed and remanded to the district court for a new trial.